**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51276
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

MANUEL QUEZADA,

                                   Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-454-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Manuel Quezada appeals the 70-month sentence he received after pleading guilty to one count of illegal reentry into the United States after having been deported.  See 8 U.S.C. § 1326.

     Quezada contends that his sentence should have been limited to two years because his indictment failed to allege a prior felony conviction used to increase his sentence.  As he concedes, this contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quezada also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the Guidelines prohibited by United States v. Booker, 125 S. Ct. 738, 756-57, 769 (2005).  We review for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).  Although there was an error under Booker, Quezada fails to "demonstrate a probability sufficient to undermine confidence in the outcome . . . that the district judge would have imposed a different sentence" under advisory guidelines. Valenzuela-Quevedo, 407 F.3d at 733 (internal quotation marks and citation omitted).  Quezada therefore fails to show that the error affected his substantial rights as is necessary under the plain-error standard.  See id.; United States v. Mares, 402 F.3d 511, 502, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The judgment of the district court is AFFIRMED.